### *In re* BETTELS.

(*Surrogate's Court, New York County.* January 18, 1889.)

1. EXECUTORS—SETTLEMENTS AND ACCOUNTING—GUARDIANSHIP ACCOUNTS.

An executor, upon settlement of his accounts as such, will not be required to account for rents of real estate received by him in his capacity as testamentary guardian of a devisee of his testator.

2. SAME—ITEMS ALLOWABLE.

An executor, who necessarily incurs expense in searching the title of land belonging to his testator's estate for the purpose of paying off and obtaining an assignment of a mortgage thereon, should be allowed the sum so paid in the settlement of his accounts.

*Walter G. Hennessy,* for the executor. *James Jones,* for Charles Bettels. *Peter Condon,* special guardian, for Ida Bettels, an infant.

RANSOM, S. The decree which was entered in the previous accounting provided for the transfer by the accounting executor to himself, as guardian of the infant legatees, of the property then accounted for, upon his giving the security required by law. Part of the property directed to be transferred was certain real estate, the rents of which are embraced in the present accounting. The guardian, who is a testamentary guardian, has failed to give any secu-

rity.  As the statute (3 Rev. St. 7th Ed. p. 2301, § 47, pt. 2, c. 6, tit. 3, art. 2) then existing, as well as section 2746 of the Code of Civil Procedure, as amended by chapter 358 of the Laws of 1886, which was substituted for it, authorized the execution of a bond with respect to the legacy given to the minors only, and required none in regard to the real estate, the guardian became, under the decree, and by virtue of the devise to the children contained in the will, entitled in his capacity as guardian to the possession of the real estate, and to the receipts of its rent and income.  He is, therefore, not accountable for the rents in the present proceeding, which is one for the settlement of his accounts as executor, and such rents and the disbursements which appear in the account to have been made on account of the real estate, except such share hereinafter allowed to the executor, should be stricken from the account, as they properly belong in the account of the guardian.  The amounts of principal and interest paid on account of the mortgage upon the One Hundred and Ninth Street premises, together with the expense attending the procuring its assignment, should, under the circumstances, be allowed to the executor as a proper expenditure.  Objection is not made to the payment of the mortgage, or the interest thereon, but to the item for the expenses of searching the title of the mortgaged premises mentioned in voucher 2.  It appears that this was an expense necessarily incurred for the purpose of effecting the transfer, and the exigencies of the case justified the executor in incurring it, and in disbursing the sum which he paid on account of the mortgage and the interest thereon.

I do not think that the circumstances require me to determine in this proceeding whether or not the executor was at fault in not paying the whole of the mortgage, or, if so, to such extent as to deprive him of credit for the interest paid on the balance thereof left unpaid.  That question should be disposed of when the executor shall make his account as guardian.  The executor was prevented, by the decree above mentioned, from transferring to himself, as guardian, any of the personal estate then in his hands, nor could he, without the decree or authorization of the court, make such transfer of any of the personal estate now accounted for by him.  Had, however, the situation or necessities of the infants required it, so much of the funds as had been actually used by the executor for their maintenance and support, or the actual cost of any such necessaries or maintenance as he himself had supplied them, would be allowed to him as a proper disbursement herein.  Like allowance might properly be made to him in a proper case for such expense as he might have been called upon to defray from the personal estate for the benefit of the realty, in the absence of sufficient income therefrom to meet it.  The real estate was held by the accounting party as guardian, and not as executor; and any credit that the executor might become entitled to under the circumstances mentioned would simply be regarded as an advance for the benefit of the parties in interest, but not considered as warranting the executor in accounting with respect to the real estate except in this incidental manner.  While the position of the contestants with respect to the attempt of the executor to transfer to himself as guardian the amounts for which the vouchers from 15 to 44, both inclusive, were given, may be technically correct, the executor should have another opportunity to show more definitely and fully than he has done whether the amounts represented by the vouchers were applied to the support of the contestants, and in what manner.  The account-book (Exhibit B in evidence) affords strong indications that many of the entries contained in it would, if definitely and fully explained, probably entitle the executor to credit for a considerable amount disbursed for the benefit of the contestants, which, on the evidence submitted, could not be allowed.  I think it just that he should have another opportunity to make such explanation, and of furnishing evidence as to actual cost of the shoes mentioned in the ninth exception of the contestants.  I shall refer the matter back for the purpose.  A decision

with respect to the claim made by the contestants as to the liability of the executor for interest upon moneys of the estate deposited with his individual funds will be deferred until the coming in of the referee's report. No satisfactory disposition of it can be made until then.

The referee is in error in his report in referring to the mortgage which had been partly discharged by the executor as one of $7,500, when in fact it was a mortgage for $6,500. This error was evidently the result of oversight. As the decree to be ultimately entered herein should direct the deposit with the chamberlain of the balance found in the hands of the executor, in default of his giving the proper security to entitle him to receive it as guardian, such part of the interest upon the mortgage held by the executor as has been received and not included in the present account should be accounted for herein. This will admit of the executor's connection with the estate accounted for being terminated by the execution of the decree to be entered.